UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**MARLON D. HOLT,**

    **Plaintiff,**

vs.

**F & E WORLDWIDE, INC., a Florida Corporation, and VITAMED MD, LLC, a Florida Limited Liability Corporation,**
**Defendants.**

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARLON D. HOLT, (hereinafter as "Plaintiff") by and through the undersigned counsel, hereby brings this action against Defendants, F & E WORLDWIDE, INC., a Florida Corporation, and VITAMED MD, LLC, a Florida limited liability corporation (collectively referred to as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid wages, unpaid overtime compensation, liquidated damages, pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendants are Florida corporations who transact business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, MARLDON D. HOLT, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants on or about November 10, 2011 and worked for Defendant as a "Warehouse Shipper/Receiver."

4. At all times material, Plaintiff, MARLON D. HOLT, was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, F & E WORLDWIDE, INC., a Florida Corporation, is a corporation formed and existing under the laws of the State of Florida, and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, VITAMED MD, LLC, was a limited liability company doing business in the State of Florida, and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

7. Plaintiff was an employee of Defendants at all times relevant to the violations of the FLSA, and Defendants were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

10. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

11. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

12. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

13. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during Plaintiff's employment with Defendants.

14. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

## COUNT I

## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff, MARLON D. HOLT, realleges and incorporates herein the allegations contained in paragraphs 1-14 as if fully contained herein.

16. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

17. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

18. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, MARLON D. HOLT, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**DATED: December 9, 2015**

        Respectfully Submitted,

        /s/ Erik A. Nelson
        Erik A. Nelson, Esq.
        Florida Bar No. 0387819
        nelson@nelsonfranklin.com

        George S. Franklin, Esq.
        Florida Bar No. 0625809
        franklin@nelsonfranklin.com

        Nelson & Franklin, P.L.L.C.
        407 Lincoln Road, Penthouse S.E.
        Miami Beach, Florida 33139
        (305) 381-9000
        (305) 381-9200 (fax)