UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

CASE NO. 15-62582-CIV-DIMITROULEAS

MARLON D. HOLT,

       Plaintiff,

v.

F & E WORLDWIDE INC., a Florida
Corporation, and VITAMED MD LLC a
Florida Limited Liability Corporation,

       Defendants.
_____/

**AMENDED JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS WITH PREJUDICE**

Plaintiff MARLON D. HOLT ("Plaintiff") and Defendant F & E WORLDWIDE INC., ("Defendant") file this Amended Joint Motion to Approve Settlement and Dismiss with Prejudice, and state:

**FACTUAL BACKGROUND**

1. Plaintiff filed his Complaint on or about December 9, 2015 in the Southern District of Florida. [D.E. 1]. Plaintiff sought overtime compensation under the Fair Labor Standards Act ("FLSA").

2. On February 2, 2016, Defendant filed its Answer and Affirmative Defenses to the Complaint[1] [D.E. 13], in which Defendant denied any liability or that Plaintiff was owed any money, and alleged a number of affirmative defenses.

3. Plaintiff and Defendants have reached an amicable resolution of the claims of Plaintiff against Defendant. The' Settlement contains a confidentiality provision among its terms

---

[1] Plaintiff initially sought relief against Defendant VitamedMD, LLC but subsequently Plaintiff and VitamedMD LLC stipulated to the Voluntary Dismissal with Prejudice of VitamedMD, LLC. See [D.E. 16].

and conditions; however, the Parties have agreed and consented to waive confidentiality over the Settlement for the limited purposes of this Motion. A true and correct copy of the Settlement is attached hereto as <u>Exhibit A.</u>

4. The Parties hereto exchanged documents and information regarding Plaintiffs' claims and Defendant's defenses through the Rule 26 disclosures and Plaintiff's responses to discovery served by Defendant in this matter, which included the exchange of pay records, records related to a prior unemployment benefits appeal prosecuted by Plaintiff, and other business records related to the Defendant and Plaintiff.

5. Despite agreeing to resolve Plaintiffs' claims in this case, Defendant continues to deny that Plaintiff is entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation. Likewise, the Plaintiff determined that he preferred to amicably resolve the matter as Defendant was providing a significant portion of the amount claimed to be owed.

6. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' respective claims and defenses and make recommendations regarding the resolution of this matter. The Parties contend that the Settlement is a fair compromise of the Plaintiff's claim and should be approved by this Court.

## MEMORANDUM OF LAW

7. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

8. In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement

>in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States.,* 679 F.2d 1350, 1354 (11th Cir. 1982).

9. In the present case, Defendants contest Plaintiff's claim but desire to avoid the uncertainties of litigation and therefore Defendants made an economic business decision to amicably resolve this matter based upon discovery taken and information exchanged by the Parties.

10. Based on Defendants' contestation of entitlement, if any, overtime is in dispute. It is the Parties' contention that the amount received by Plaintiff as wages and liquidated damages is a fair and reasonable settlement of what, if anything, the Plaintiff is owed, and should be approved by this Court. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Likewise, by the Settlement, the full amount of attorney's fees demanded will be paid. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc*., 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

12. Pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed order approving settlement and dismissal with prejudice. In order to promote the policy of encouraging settlement of litigation, the Parties request that the Court approve the Parties Settlement, and that the Court to retain jurisdiction to enforce the terms of the Settlement.

## **CONCLUSION**

Based upon the foregoing, the Parties respectfully submit that the Settlement was a reasonable compromise that was arrived at after due consideration of the facts, the claims, the defenses and the discovery. Pursuant to *Lynn's Food*, the parties request that the Court approve the Settlement as fair and reasonable and dismiss this case with prejudice.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement attached hereto and dismissing this action with prejudice, a proposed form of which is attached hereto as <u>Exhibit B</u> and retaining jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

| By: /s/ Andrew M. Hinkes<br>Andrew M. Hinkes<br>Florida Bar No. 17848<br>ahinkes@bergersingerman.com<br>BERGER SINGERMAN<br>350 E. Las Olas Blvd., 10th Floor<br>Fort Lauderdale, FL  33301<br>(954) 525-9900 Telephone<br>(954) 523-2872 Facsimile<br>Attorneys for Defendant F&E Worldwide Inc. | By: /s/ *Erik A. Nelson*<br>Erik A. Nelson<br>Florida Bar No.: 387819<br>Nelson & Franklin, PLLC<br>PH SE<br>407 Lincoln Road<br>Miami Beach, FL 33139-3029<br>305-381-9000<br>Fax: 305-381-9200<br>Email: nelson@nelsonfranklin.com |
|---|---|

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2016, the foregoing document was served via electronic mail on all counsel of record identified on the attached Service List.

                                                s/ Andrew M. Hinkes
                                                Andrew M. Hinkes, Florida Bar No. 606421

**SERVICE LIST**
*Holt v. F&E Worldwide Inc., et al.*
**CASE NO. 15-62582-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**

Paul B. Ranis
Florida Bar No. 64408
ranisp@gtlaw.com
Kristina L. Ciaffi
Florida Bar No. 40596
ciaffik@gtlaw.com
Jenna M. McNamara
Florida Bar No. 113020
mcnamaraj@gtlaw.com
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301-4223
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
*Attorneys for Defendant Vitamed MD, LLC*

Erik A. Nelson
Florida Bar No.: 387819
nelson@nelsonfranklin.com
George S. Franklin
Florida Bar No.: 625809
Franklin@nelsonfranklin.com
Nelson & Franklin PLLC
407 Lincoln Rd., PH SE
Miami Beach, FL 33139
Telephone:  (305) 381-9000
Facsimile:  (305-381-9200
*Attorneys for Plaintiff*

7302752-1
8/11/16