## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement"), is entered into and effective on the latest of the below indicated execution dates by and between **Mr. Marlon Holt**, and all of his heirs, agents, attorneys, and assigns ("Plaintiff"), and **F&E Worldwide Inc.,** and all of its subsidiaries, parents, agents, employees, attorneys, and assigns ("Defendant"), (collectively the "Parties").

WHEREAS, on December 9, 2015, Plaintiff filed its Complaint seeking monetary relief against Defendant based upon claimed violations of the overtime provisions of the federal Fair Labor Standards Act in Case No.: 15-cv-62582-WPD currently pending in the United States District Court for the Southern District of Florida, (the "Action");

WHEREAS, on February 2, 2016, Defendant filed his answer and affirmative defenses contesting the Plaintiff's claim, and denies that Defendant has engaged in any conduct constituting a violation of the overtime provisions of the federal Fair Labor Standards Act;

WHEREAS, in the interest of avoiding further costly and time-consuming discovery and litigation, the Parties have agreed to completely settle the Action and release any and all claims against each other, on the following terms;

NOW, THEREFORE, in consideration of the above-stated premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1.  The above recitals are expressly incorporated herein and are agreed by the Parties to be true and correct.

2.  In full and final settlement of all of Plaintiff's Claims and Defendant's Claims, and as the financial portion of the consideration for this Agreement, including full payment of all Plaintiff's attorney's fees, costs and liquidated damages, within ten days (10) of approval of this Agreement by the Court**,** Defendant shall deliver **$10,250.00** (the "Settlement Amount"), in the form of a check payable to Plaintiff, in the amount of $5,000.00 (for which he will receive an Internal Revenue Service Form 1099), and a check payable to Plaintiff's Counsel in the amount of $5,250.00 at the addresses indicated below. Defendant agrees to pay all fees assessed by the mediator, Karen Evans, for the mediation services provided on July 27, 2016.

### ADDRESS OF PLAINTIFF

Mr. Marlon Holt
P.O. Box 4706
Fort Lauderdale, FL 33338

PLTF'S initials

DEFTS' initials

EXHIBIT A

**ADDRESS OF PLAINTIFF'S COUNSEL**

Nelson & Franklin PLLC
407 Lincoln Rd, PH SE
Miami Beach, FL 33139

In the event that Defendant fails to pay the Settlement Amount within the time set forth herein, Plaintiff shall have five (5) business days after delivery of written notice of same by email to counsel of record for Defendant to pay the Settlement Amount before Defendant may be considered to be in breach of the Agreement for failure to timely make payment.

    3.  The Parties agree that no motions for costs or attorney's fees will be brought related to this Action.

    4.  Plaintiff, individually and his principals, attorneys, fiduciaries, trustees, affiliates, officers, directors, shareholders, owners, agents, contractors, representatives, subsidiaries, employees, executors, representatives, personal representatives, consultants, trusts, affiliates, and their heirs, successors and assigns (collectively, the "<u>Plaintiff Releasor</u>"), hereby remise, release and forever discharge, and covenant not to sue, the Defendant, its agents, employees, executors, representatives, personal representatives, consultants, attorneys, fiduciaries, trustees, trusts, affiliates, and their heirs, successors and assigns (collectively, the "<u>Defendant Releasee</u>"), and each of them, from and in respect to any and all claims, allegations, causes of action and requests for relief and any other potential claims, causes of action, sums of money, accounts, reckonings, bonds, bills, liens, UCC-1 financing statements, judgments, confessed judgments, specialties, covenants, contracts, controversies, rights and liabilities, of whatever kind, including claims for sanctions, whether based on any federal, state or foreign law or other right of action, direct, indirect, derivative or representative in nature, foreseen or unforeseen, matured or unmatured, known or unknown, contingent or fixed, that any of the Plaintiff Releasor ever had, now have, or hereafter can, shall or may have against the Defendant Releasee based on any facts, circumstances, actions or events that existed, arose or took place from the beginning of the world to the date of this General Release, including, without limitation, all asserted and unasserted claims, or claims which could have been asserted in the action including all counterclaims, actions, suits, debts, etc., arising out of, related to, or in connection with any claims including the Action, Actions under the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act; the Equal Pay Act; Section 1981 of the Civil Rights Act of 1866; the Civil Rights Act of 1991; the Americans with Disabilities Act; the Family and Medical Leave Act of 1993; the Florida Human Rights Act; any other federal, state, or local law, ordinance or regulation; and any theory of libel, slander, breach of contract, wrongful discharge, detrimental reliance, intentional infliction of emotional distress, tort, or any other theory under the common law or in equity; and any Actions for uncompensated expenses, severance pay, incentive pay, or any other form of compensation or benefits ("Plaintiff's Claims"), from the beginning of time through the date of execution of this Agreement, except to enforce the terms, obligations and warranties set forth in this Agreement. This release includes, but is not limited to, any claims for attorney's



PLTF'S initials



DEFTS' initials

fees, costs and/or liquidated damages. This release is limited to only those claims which arose prior to or on the date the Releasor signs this Agreement. EXCEPT, Releasees are not released from the performance of this Agreement.

    5. Plaintiff, by signing this Agreement, acknowledges that:

        a. He has carefully read and understand this Agreement;
        b. He was represented by and consulted with an attorney and/or any other advisors of her choice before signing this Agreement;
        c. He understands that this Agreement is LEGALLY BINDING and by signing it he gives up certain rights;
        d. he has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it;
        e. As set forth in herein, he **KNOWINGLY AND VOLUNTARILY RELEASES** the Defendant Releasee from any and all claims she may have, known or unknown, in exchange for the benefits she has obtained by signing this Agreement, and that these benefits are in addition to any benefit she would have otherwise received if she did not sign this Agreement; and
        f. He may revoke this Agreement within the seven (7) day period following her execution of this Agreement;

    6. Any revocation of this Agreement must be submitted in writing in accordance with the notice provisions found herein, and must state: "I hereby revoke my acceptance of my Agreement." If the last day of the revocation period is a Saturday, Sunday or legal holiday recognized by the State of Florida, then such revocation period shall not expire until the next following day which is not a Saturday, Sunday or legal holiday.

    7. Within three business days of payment of the Settlement Amount to Plaintiff in accordance with the terms of this Agreement, the Parties shall file a joint dismissal with prejudice in the Action, the form of which shall be agreed to by the parties and for which reasonable cooperation in the preparation and approval of same shall not be withheld.

    8. The Court shall retain jurisdiction to enforce and construe the provisions of this Agreement. The Parties consent to the Court's exercise of subject matter and personal jurisdiction to adjudicate any disputes that may arise under this Agreement. This Agreement is conditioned upon, and it is the intention of the Parties that the Court reserves jurisdiction to enforce this Agreement.

    9. Defendant, on behalf of himself and his principals, attorneys, fiduciaries, trustees, affiliates, officers, directors, shareholders, owners, agents, contractors, representatives, subsidiaries, employees, executors, representatives, personal representatives, consultants, attorneys, trusts, affiliates, and their heirs, successors and assigns (collectively, the "<u>Defendant Releasor</u>"), hereby remise, release and forever discharge, and covenant not to sue Plaintiff, his agents, employees, executors, representatives, personal representatives, consultants, attorneys,




fiduciaries, trustees, trusts, affiliates, and their heirs, successors and assigns (collectively, the "Plaintiff Releasee"), and each of them, from and in respect to any and all claims, allegations, causes of action and requests for relief and any other potential claims, causes of action, sums of money, accounts, reckonings, bonds, bills, liens, UCC-1 financing statements, judgments, confessed judgments, specialties, covenants, contracts, controversies, rights and liabilities, of whatever kind, including claims for sanctions, whether based on any federal, state or foreign law or other right of action, direct, indirect, derivative or representative in nature, foreseen or unforeseen, matured or unmatured, known or unknown, contingent or fixed, that any of the Defendant Releasor ever had, now have or hereafter can, shall or may have against the Plaintiff Releasees based on any facts, circumstances, actions or events that existed, arose or took place from the beginning of the world to the date of this General Release, including, without limitation, all asserted and unasserted claims, or claims which could have been asserted in the action including all counterclaims, actions, suits, debts, etc., arising out of, related to, or in connection with any claim including the Action ("Defendant's Claims"), from the beginning of time through the date of execution of this Agreement, except to enforce the terms, obligations and warranties set forth in the Agreement.

10. The Parties agree to maintain the confidentiality of any documentary material or information produced in discovery in this matter until the payment in full of the Settlement Amount. Upon Plaintiff's receipt of the Settlement Amount, the Parties agree to destroy all copies of any information produced by the Parties and third-parties in this Action.

11. The Parties shall cooperate in the consummation of the Agreement and in the preparation and execution of any and all documents or information necessary to carry out the intent and purpose of this Agreement.

12. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors, successors-in-interest, and assigns.

13. Neither this Agreement nor anything contained herein shall be construed as an admission by either Party of any liability, including, but not limited to any alleged violation of federal, state or local law, ordinance or regulation; any alleged violation of a common law cause of action; any alleged breach of contract; or any other allegedly unlawful conduct whatsoever.

14. The Parties recognize and acknowledge an interest in maintaining the confidentiality of this Agreement, and agree that they shall keep the fact and the terms of this Agreement and the negotiations leading to this Agreement completely confidential. This paragraph, however, shall not prohibit any party from (i) disclosing the fact and terms hereof to such professional legal and tax advisors as they may from time to time engage; (ii) disclosing the fact and terms hereof to government officials for tax-reporting or audit purposes in the event either party is professionally advised to do so; (iii) disclosing the facts, terms and negotiations leading to this Agreement to a court of competent jurisdiction or other tribunal or agency for the purpose of enforcing this Agreement; (iv) disclosing the fact and terms hereof to their current spouse, (v) stating in response to any other inquiry that: "THE MATTER IS OVER AND I




CANNOT DISCUSS THE MATTER ANY FURTHER;" or (vi) responding in full to or complying in full with any subpoena, process of law, order of court, or any other lawful or legal requirement, mandate, or directive. With the exception of the disclosures permitted by subsections (ii), (iii), and (vi), the parties agree to hold those persons to whom the facts and terms of this Agreement are disclosed to the same terms of confidentiality as apply to them and agree that they will be responsible for any breach of this paragraph by those to whom they make such disclosures.  Unless otherwise specified herein, the facts and terms of this Agreement as well as the negotiations leading up to this Agreement, are completely confidential and may not be disclosed to anyone.

15.  The Parties agree that neither Party shall make any statement of any kind about each other to any party, person or entity which may tend to disparage any Party. Good faith enforcement of this Agreement shall not be deemed to be disparagement. Unless either party needs to enforce this agreement, neither party will: file or cause by any third-party to be filed, published, disseminated, revealed, furnished, or disclosed, any facts, documents, or information concerning or related to other party with any department, DBPR, BBB, agency, bureau, municipality, county, state or federal entity, administrative organization or office, court, arbitration, mediation, or any other person whatsoever.  Each party agrees that if any of the foregoing has already occurred, then that party shall inform that person that the matter has been amicably settled, and request that no further action be taken.  To the extent any statements have been posted on the Internet or any web site or location thereon by Defendant about Plaintiff, Defendant will take immediate action to have such comments removed.

16.  This Agreement shall be construed and governed by the laws of the State of Florida without regard to its choice of law provisions, as well as the laws of the United States of America.  The parties further agree that the venue for any claim for breach of this agreement shall be in Palm Beach County, Florida.  The parties further agree that in any action to enforce the terms of the agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs, up through any appeals. The language of all parts of this Agreement shall in all cases be construed as a whole and according to its fair meaning.

17.  Plaintiff agrees not to solicit the current or former employees or workers of any kind previously working for Defendant or any of its affiliated or related companies to bring any lawsuit or claim against Defendant for any reason and not to encourage or assist any such employee or worker to terminate their employment relationship with Defendant, and not to materially aid any current or former employee or worker of Defendant in any proceeding against Defendant.  Plaintiff acknowledges that assisting any other party to bring an action, or in the maintenance of any action against Defendant causes Defendant material irreparable harm.

18.  This Agreement constitutes the entire agreement by and between the Parties with respect to all issues raised, or that could have been raised, regarding the Claims, defenses, and claims for sanctions.  No prior or contemporaneous oral or written agreements between the Parties regarding this Agreement may be offered to alter the terms of this Agreement.  The





Parties hereby acknowledge that there are no communications or oral understandings separate from, contrary to, or different from this Agreement and that all prior understandings relating to this Agreement are merged into this Agreement.

19. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

20. Each of the Parties to this Agreement represents and warrants that it is duly authorized to execute and enter into this Agreement and that the person through whom each party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

21. This Agreement may only be modified or amended by a writing signed by all parties hereto. No waiver of any right or obligation under this Agreement shall be asserted due to course of conduct.

22. Any and all prior agreements between the Parties are hereby deemed null and void and of no further effect.

23. The Parties agree that time is of the essence with respect to each and every undertaking and obligation as set forth in this Agreement.

24. The divisions of this Agreement into sections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

25. Plaintiff Holt and his undersigned counsel and Defendant all agree and bind themselves irrevocably to their agreement that (a) all terms and conditions of the settlement are found in this Agreement (b) that in determining the amount of settlement funds to be paid, the Parties considered the strength of the evidence underlying the parties' respective claims and defenses, the quantum of the claim, the amount of attorney's fees incurred by the parties counsel, and the prospective costs of litigation for this action, (c) that payment for Plaintiff's attorneys fees was considered separately from and without regard to the amount paid to Plaintiff, and that (d) the settlement amount noted above is fair, reasonable, equitable, and adequately compensates Holt for the *bona fide* dispute alleged in the Complaint.

26. Counsel for Plaintiff agrees that the payment to be accepted for services rendered to Plaintiff as noted in paragraph 2, above, is fair and appropriate and fully satisfy any obligations owed to it for services rendered in this action. Counsel for Plaintiff and its principals, attorneys, fiduciaries, trustees, affiliates, officers, directors, shareholders, owners, agents, contractors, representatives, subsidiaries, employees, executors, representatives, personal




representatives, consultants, trusts, affiliates, and their heirs, successors and assigns (collectively, the "Counsel Releasor"), hereby remises, releases and forever discharges, and covenant not to sue, the Defendant, its agents, employees, executors, representatives, personal representatives, consultants, attorneys, fiduciaries, trustees, trusts, affiliates, and their heirs, successors and assigns (collectively, the "Defendant Releasee"), and each of them, from and in respect to any and all claims, allegations, causes of action and requests for relief and any other potential claims, causes of action, sums of money, accounts, reckonings, bonds, bills, liens, UCC-1 financing statements, judgments, confessed judgments, specialties, covenants, contracts, controversies, rights and liabilities, of whatever kind, including claims for sanctions, whether based on any federal, state or foreign law or other right of action, direct, indirect, derivative or representative in nature, foreseen or unforeseen, matured or unmatured, known or unknown, contingent or fixed, that any of the Plaintiff Releasor ever had, now have, or hereafter can, shall or may have against the Defendant Releasee based on any facts, circumstances, actions or events that existed, arose or took place from the beginning of the world to the date of this General Release, including, without limitation, all asserted and unasserted claims, or claims which could have been asserted in the action including all counterclaims, actions, suits, debts, etc., arising out of, related to, or in connection with any claims including the Action, Actions under the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act; the Equal Pay Act; Section 1981 of the Civil Rights Act of 1866; the Civil Rights Act of 1991; the Americans with Disabilities Act; the Family and Medical Leave Act of 1993; the Florida Human Rights Act; any other federal, state, or local law, ordinance or regulation; and any theory of libel, slander, breach of contract, wrongful discharge, detrimental reliance, intentional infliction of emotional distress, tort, or any other theory under the common law or in equity; and any Actions for uncompensated expenses, severance pay, incentive pay, or any other form of compensation or benefits ("Plaintiff's Claims"), from the beginning of time through the date of execution of this Agreement, except to enforce the terms, obligations and warranties set forth in this Agreement. This release includes, but is not limited to, any claims for attorney's fees, costs and/or liquidated damages. This release is limited to only those claims which arose prior to or on the date the Releasor signs this Agreement. EXCEPT, Releasees are not released from the performance of this Agreement.

27.   All notices required or permitted under this Agreement shall be in writing and shall be mailed by registered or certified mail (postage prepaid), return receipt requested and sent by electronic mail to:

If to Defendant:

Andrew M. Hinkes, Esq.
Berger Singerman LLP
350 E. Las Olas Blvd., 10th Floor
Fort Lauderdale, FL 33301
ahinkes@bergersingerman.com

- Page 7 of 9 -




If to Plaintiff:

Nelson & Franklin PLLC
407 Lincoln Rd, PH SE
Miami Beach, FL 33139

      28.    One or more waivers of a breach of any provision of this Agreement shall not be construed as a waiver of a subsequent breach of the same or any other provision, nor shall any delay or failure to seek a remedy for any breach of this Agreement or delay or failure to exercise the rights accruing by reasons of such breach be deemed a waiver of that Party's rights with respect to such breach nor shall it be deemed an amendment of this Agreement by conduct.

      29.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

      30.    The Parties represent and acknowledge that in executing this Agreement they do not rely, and have not relied, upon any representations or statements other than those set forth in this Agreement.

      31.    The Parties agree that as used in this Agreement, the singular or plural number shall be deemed to include, replace or supplant the other whenever the context so indicates or requires.  Reference to one gender shall be deemed to include, replace or supplant the other whenever the context so indicates or requires.

      32.    This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement, binding on all parties, notwithstanding that all parties are not signatories to the same counterpart.  The Parties further agree that this Agreement may be delivered via facsimile or email transmission and that a facsimile or email signature shall constitute a valid signature.  The Parties agree that a copy of their signatures, even in counterparts, shall have the same force and effect as an original and shall make this Agreement binding and enforceable.

<div style="text-align:center">

**PLEASE READ CAREFULLY.  THIS AGREEMENT INCLUDES**

**A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS**

&lt;Remainder of this page left intentionally blank&gt;

</div>




Dated: 7/27, 2016

F&E Worldwide Inc.

By: _____
    Mr. Evan Lefferts

Its: Authorized Agent

Dated: 7/27, 2016

Marlon Holt

By: _____

Dated: _____, 2016

Nelson & Franklin PLLC

By: _____

Its: Authorized Agent

Dated: _____, 2016

7266747-1


PLTF'S initials


DEFTS' initials